컬러 negative unemployment will be in United States v. Perez, number 203067. Mr. Wallenstein, whenever you're ready, thank you, please the court, John Wallenstein on behalf of Jason Perez. Your honors, this case turns on one thing that is quite important, and that is the definition of a career offender. And under the career offender statute, the controlled substance offense, which serves as a predicate for Mr. Perez's career offender finding, is no longer a controlled substance offense for the purposes of the career offender guideline. And I recognize that Mr. Fisher in the district court essentially accepted that it was, that Mr. Perez's 2011 conviction was in fact a controlled substance offense, but frankly in 2017 at the time of sentencing, he was just wrong. The question is, do we apply a time of sentencing analysis to the career offender finding, or do we apply the time of conviction rule? The government would have you apply a time of conviction rule based on Doe v. Sessions, but I think that that is incorrect. Doe v. Sessions, as we all know, it was an immigration case, and under immigration law, the defendant needs to know at the time of his conviction what the immigration consequences will be, and counsel needs to know as well, because you simply can't give correct advice under Padilla v. Kentucky about what may happen in the future. The career offender issue is different than that, and at the time of sentencing on the career offender case, this court should apply a time of sentencing analysis. I recognize that's an unsettled question. We're reviewing for plain error, right? Yes, Your Honor. And I think it's plain error because Judge Broderick, with all due respect to him, didn't calculate the sentencing guidelines. He simply, I mean, he did do a guideline calculation, that's clear, but what he didn't do was do an analysis of whether or not the 2011 conviction constituted a proper predicate for career offender purposes. He simply accepted the agreement of both defense counsel and the government that it was, and defense counsel at that time argued that Mr. Perez was not a career offender, although he argued that he was not a career offender based on the crime and violence analysis, which doesn't apply here, I think. TAB forecloses that argument, and I recognize that. But Mr. Fisher did, in fact, object to the career offender finding, and even though he used the wrong ground, I think that this court can and should make a finding with respect to the error below. I think that the fact that Judge Broderick did not do an independent analysis of the prior drug conviction is plain error. The government spent a lot of time in their brief arguing that naloxonol is no longer a controlled substance under federal law. It's a drug that's used for treatment of constipation and so forth. But I think that's all a red herring. The fact is naloxonol was and is an opium derivative, and that's what New York law prohibits. That's why the New York statute is broader than the Controlled Substances Act. And whatever the use of that drug is, and whatever reason the DEA descheduled it, I think that was a policy decision, and it doesn't change the chemistry. It's either an opium derivative or it's not an opium derivative. Since it is, and it was under the Controlled Substances Act, the choice to deschedule it doesn't change the chemistry, as I said. It simply removes it from the schedule of things that are now illegal or prohibited in some manner. So I think that whole argument in the government's brief is really a red herring. They also argue that if you apply the realistic probability test, no one would ever be prosecuted for possession of naloxonol, which is used for treatment of constipation. But the fact is you don't have to get there, because the statute, the New York statute, is clear on its face, and it is clearly broader than the Controlled Substances Act, and therefore a violation of that statute under Townsend is not a career offender predicate. I am aware, of course, of the Lucas decision, and I know that Lucas is being considered for en banc. I know that Johnson was argued last week and that Gibson will be argued next week. What I'm asking this court to do is to consider my arguments, of course, but to hold the decision pending the decision in those cases, because I think it would be appropriate for consistency. All four cases concern pretty much the same issue. So unless Your Honors have any questions, I'll rest on my brief, and I've reserved three minutes for rebuttal. Thank you, counsel. Thank you, Your Honors. We'll hear from the government. Mr. Wallenstein. Good morning, Your Honors, and may it please the Court. I'm Assistant U.S. Attorney Jason Swergold. I represent the government on appeal, and I represented the government before the district court. As Mr. Wallenstein just pointed out, and as a panel of this Court held in August, in a case with virtually identical circumstances, the issues presented in this case are unsettled issues in this circuit, and because the law is unsettled, Judge Broderick did not commit plain error in finding that Jason Perez was a career offender, and for those reasons, the judgment of conviction should be affirmed in this case. I do want to talk about a couple of the arguments that Mr. Wallenstein raised very briefly. First, with respect to this argument that Judge Broderick committed plain error in the way that he determined that it was a controlled substance offense, the district court, of course, is not required to use any magic words. Nobody raised this issue to Judge Broderick, and the record makes clear that Judge Broderick did go through and make a determination of what the guidelines were in this case. On that point, I would also just point out, as we've pointed out in our brief, although this issue was an oversight on our part before the district court, on my part before the district court, there were no underlying career offender predicates that Jason Perez was convicted of, and so that is an independent basis to affirm the conviction because there is no effect. Is it, though? I mean, with regard to the, I guess, the youthful offender conviction, its propriety as a proper predicate was not raised below at all, and so there was no opportunity to contest that that could be used. So at this stage on appeal, for us to say, well, we can rely on that as part of the error analysis because, look, there's this other conviction that no one discussed that still qualifies. I mean, I don't know that I think that that's appropriate when that wasn't raised or discussed by any of the parties below. Well, what I would say to that, Your Honor, is that there is binding Second Circuit case law in Jones and Felder that says that when you have a youthful offender adjudication, but it's in an adult court and the defendant serves time in an adult prison, that it qualifies as a career offender predicate. That is still good law in the circuit. Right, but that hasn't been, the parties haven't had a chance to discuss that. There hasn't been consideration of the issue of, well, how much time did he serve for the youthful offender? It seems like there was some kind of issue of it was started out as probation and then changed to a prison sentence, but all of those facts and all of that analysis did not happen in the district court. Right. I don't think, actually, Your Honor, that there is any dispute that he was resentenced to one to three years in an adult prison. He was originally sentenced to probation, but that was changed because of a parole violation or probation violation that then required him to serve time in the state in an adult prison under that state sentence. And that, because of, under Jones and Felder, that would make that, and again, it's not disputed that he was convicted in New York Supreme Court in the Bronx. And so, those facts being undisputed under Jones and Felder would make that a qualifying predicate. But just, again, going back to even the issue that Mr. Wallenstein argued and that is squarely addressed in the briefs, Mr. Wallenstein himself concedes that it is an unsettled issue in the court. There's two unsettled issues within this circuit, the time of conviction versus time of sentencing analysis, and also whether Naloxonegal is considered a derivative on the New York State schedule. And because those two questions are unsettled, as the court found in Lucas, there cannot be plain error by Judge Broderick in this case. I'm happy to answer any additional questions the court has about any of our arguments, but otherwise I would rest on the arguments contained in our briefs. Thank you, counsel. Thank you. Mr. Wallenstein, you're reserved three minutes for rebuttal. Don't think I'm going to take all of that, Judge Clark. It is, in fact, an unsettled question, and I do concede that. But I still think that Judge Broderick committed plain error because the procedural default of failing to independently calculate the guidelines to determine whether or not Perez was a career offender, but simply accepting counsel's representations, is, in fact, an error. And I think that takes it whether or not the underlying is an unsettled question I don't think matters. If he committed procedural error, we don't reach the substantive issue. It's an error. It's plain, and all of the rest of the plain error analysis that I don't need to tell you. As far as the independent basis that Mr. Swergold argues, that is that there are two other convictions, that wasn't what Judge Broderick based his finding on. He based it on the two specific convictions, the attempted gang assault, which Mr. Fisher argued was not a crime of violence, and this particular conviction, the 2011 drug conviction, resulting from the New York statute violation. So I don't think that he reached those other two issues, and I think that Judge Lee is correct in that analysis. Unless there was anything else, I think I rest on my brief and argument. Thank you, counsel. We'll take the matter under advisement. Thank you, Your Honors. The last case on the calendar for today is on submission. So that's all for today. I'll ask the courtroom deputy.